IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30213
Summary Calendar
_____

ALEXANDER PRATT,

Plaintiff-Appellee,

versus

POLICE DEPARTMENT ST. MARTINVILLE; ET AL.,

Defendants,

JAMES PAPILLION,

Defendant-Appellant.
--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1478
--------------------
December 1, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Papillion appeals from the district court's denial of summary judgment based on qualified immunity as to a claim of excessive use of force. Concluding that we lack appellate jurisdiction over this interlocutory appeal, we dismiss.

Papillion argues that we have jurisdiction to review his appeal because he accepts as true the plaintiff Alexander Pratt's version of events in which Papillion pushed Pratt and pulled his ankle. Papillion argues that under Pratt's version of events he

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

did not violate a clearly established constitutional right and his conduct was not unreasonable. This court lacks appellate jurisdiction to review a denial of summary judgment that turns on issues of material fact for trial. See Johnson v. Jones, 515 U.S. 304, 319-20 (1995). We find that factual issues remain, including the degree of force exerted and whether Papillion knew of Pratt's alleged prior injuries, that cannot be resolved based on the current record. See Graham v. Conner, 490 U.S. 386, 397 (1989); Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996).

Accordingly, the appeal is DISMISSED.